IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RONALD CHAPPELL,**          Case No. 4:15 CV 882

    Petitioner,          Judge Christopher A. Boyko

         REPORT AND RECOMMENDATION

    v.

**DONALD MORGAN, WARDEN,**          Magistrate Judge James R. Knepp, II

    Respondent.

### INTRODUCTION

On May 4, 2015, *pro se* prisoner Ronald Chappell, filed a petition for habeas corpus ("Petition") under 28 U.S.C. § 2254. (Doc. 1). On August 21, 2015, Petitioner filed a Motion for a Preliminary Injunction and Temporary Restraining Order. (Doc. 32). The bases for this motion are Petitioner's claims that he has been incarcerated in violation of the Constitution and is being abused while in prison; and as a result is entitled to immediate release pending a ruling on his habeas petition. (Doc. 32). These claims have been asserted both in his Petition (Doc. 1) and in numerous other motions to the Court (Docs. 11, 13, 18, 24, 27). The Court denied the motions without prejudice to Petitioner's ability to prove he is entitled to a Writ of Habeas Corpus. (Docs. 25, 26).

### DISCUSSION

In his motion, Petitioner challenges the fact and duration of his confinement by requesting a preliminary injunction; but this is not an appropriate remedy to gain release. *Preiser v. Rodriguez*, 411 U.S. 475, 487-89 (1973). "[T]he sole federal remedy [to obtain release from custody is] by writ of habeas corpus" and a petitioner cannot seek speedier release through a

preliminary injunction. *Id.* at 500. Here, Petitioner seeks the same relief – release from custody – as that which could or would be gained through his habeas petition, and thus, independent injunctive relief is not available. As to Petitioner's request for injunction regarding the conditions of his confinement, this Court does not have jurisdiction to address those claims under 28 U.S.C. § 2254. Thus, the undersigned recommends Petitioner's motion be DENIED.

Furthermore in reviewing the entirety of this case, the undersigned recommends that Petitioner be foreclosed from filing any more motions without leave of Court. This case is barely four months old and Petitioner has already filed over seventeen motions, a number of them requesting immediate release from custody. (*See* Docs. 11, 13, 18, 24, 27, 32). In addition to these motions, Petitioner has also filed a writ of mandamus to the Sixth Circuit regarding this case. (Docs. 15, 16). These motions and mandamus action have raised the same issues and do little more than attempt to circumvent the habeas corpus process. Thus in an effort to support judicial economy, the Court recommends Petitioner be foreclosed from filing any motions without leave of Court for the remainder of the pending proceedings.

## CONCLUSION AND RECOMMENDATION

Therefore based on the above, the undersigned recommends the Motion for Preliminary Injunction and Temporary Restraining Order be DENIED and that Petitioner be barred from filing any more motions without first obtaining leave of Court.

   s/James R. Knepp II
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified

time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).