**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| RONALD CHAPPELL, | ) | CASE NO. 4:15CV882 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| DONALD MORGAN, Warden, | ) | MEMORANDUM OF OPINION |
| | ) | |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Ronald Chappell's Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #7). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and denies Petitioner's Petition.

## FACTS

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

On February 2, 2012, the Mahoning County Grand Jury issued an Indictment charging Petitioner with one count of Domestic Violence, four counts of Harassment With a Bodily Substance and one count of Vandalism.  The case proceeded to trial on October 15, 2012.  When a witness failed to appear, the court dismissed Count One for lack of evidence.  The court found Petitioner in contempt for repeatedly refusing to answer questions posed by the prosecutor when he took the stand.  The jury found Petitioner guilty on the remaining charges, Counts Two through Six.

On October 19, 2012, the court sentenced Petitioner to one year in prison on each of Counts Two through Six, to be served consecutively for a total of five years and thirty days for the court's contempt finding, to be served concurrent to the other sentences.  Petitioner filed a Notice of Appeal with the Ohio Seventh District Court of Appeals.  On September 13, 2014, the Court of Appeals affirmed the judgment of the trial court.  On September 29, 2014, Petitioner filed a Notice of Appeal with the Ohio Supreme Court.  On December 14, 2014, the Ohio Supreme Court declined to accept jurisdiction of the Appeal.  On February 11, 2015, Petitioner filed a Petition for Writ of Certiorari with the United States Supreme Court.  On May 18, 2015, the Supreme Court denied Petitioner's Certiorari Petition.

Petitioner filed six state habeas petitions with the Ohio state courts and the Supreme Court of the United States.  All were dismissed and/or denied.

In August 2014, Petitioner filed a federal Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 in the Southern District of Ohio.  The case was transferred to the Northern District of Ohio where Petitioner requested a voluntary dismissal because he was seeking counsel.  Petitioner filed the instant Habeas Petition on April

29, 2015.  He later filed an Amended Petition.  Respondent filed a Return of Writ, arguing the Petition should be denied because Petitioner's claims were either unexhausted, procedurally defaulted, or without merit.  Petitioner filed a Response and later an Amended Response asking that only Grounds 1(A), 1(B), 1(C), 1(D) and 3(A) should be considered.  Petitioner attempted to add a new ground, however it is the same as Ground 4(D) in his first Amended Petition. Therefore, the following grounds are being evaluated:

> **Ground 1(A):** Petitioner was denied a preliminary hearing within the time period required by Ohio law.  He filed a motion to dismiss on these grounds, on which the court never ruled.  This violated Petitioner's right to due process, equal protection, and against cruel and unusual punishment.
>
> **Ground 1(B):** Petitioner was not arraigned on Counts 2-6 of the indictment.  He filed a motion to dismiss on these grounds on which the court never ruled.  This violated Petitioner's right to due process, equal protection, and against cruel and unusual punishment.
>
> **Ground 1(C):** Petitioner was denied his speedy trial rights.  He was not brought to trial within the 90 days as mandated by Ohio Revised Code § 2945.71(c)(2) and (E).  The trial court denied Petitioner's motions on this ground.  This violated his right to due process, speedy trial, and equal protection.
>
> **Ground 1(D):** Petitioner was tried on charges that were dismissed at a preliminary hearing in Youngstown Municipal Court.  This violated Petitioner's right to due process, equal protection, speedy trial, and double jeopardy.
>
> **Ground 3(A):** Petitioner's trial counsel was ineffective for not raising the claims Petitioner now raises in Grounds 1(A)-(D).  Trial counsel was also ineffective because he did not raise self-defense as Petitioner requested, or ask for a self-defense jury instruction.
>
> **Ground 4(D):** The appellate court violated Petitioner's rights to a fair trial, due process, and equal protection of the laws when it ruled that the trial court did not unconstitutionally deny his right to self-representation.

The Magistrate Judge issued his Report and Recommendation on November 30,

2016. On December 27, 2016, Petitioner filed his Objection to Magistrate Judge Report and Recommendation.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## ANALYSIS

4

Petitioners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings. See 28 U.S.C. § 2254(b),(c). This requirement is satisfied when a Petitioner has given "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "full and fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 342*; Picard v. Connor*, 404 U.S. 270, 275-77 (1971). In order to satisfy the fair presentation requirement, a habeas petitioner must present both the factual and legal underpinnings of his claims to the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

The claims must also be presented to the state courts as federal constitutional claims. *See Smith v. Morgan*, 371 F. App'x 575, 582 (6th Cir. 2010) ("The writ of habeas corpus is not available to remedy errors of only state law.") (citing 28 U.S.C. § 2254(a)); *see also Norris v. Schotten*, 146 F.3d 314 328 (6th Cir. 1998) ("A claim based solely on an error of state law is not redressable through the federal habeas process.") (quoting *Estelle v. McGuire*, 502 U.S. 52, 57-68 (1991)). This requirement is strictly followed in the Sixth Circuit with catch-all allegations, such as a defendant claiming he was denied his constitutional right to a fair trial when supported only by state law this does not fairly apprise the state court of a specific constitutional theory. *Weaver v. Foltz*, 888 F.2d 1097, 1099 (6th Cir. 1989).

Petitioner argues in Ground 1(A) that he was not afforded a preliminary hearing

5

within the time required by Ohio Revised Code §§ 2945.71 and 2945.73(A) and that the trial court should have dismissed the charges when he filed a Motion to Dismiss on these grounds. Respondent contends this ground should be dismissed as it raises a non-cognizable state law claim.

The Magistrate Judge correctly points out that there is no federal constitutional right to a preliminary hearing. *See Gerstein v. Pugh*, 420 U.S. 103, 123, 125 n.26 (1975); *Dillard v. Bomar*, 342 F.2d 789, 790 (6th Cir. 1965) ("We do not find that the Supreme Court has ever held that an accused has a constitutional right to a preliminary hearing."). Petitioner's argument that his due process and equal protection rights were violated is without merit. Therefore, the Court agrees with the Magistrate Judge that Petitioner's constitutional rights were not violated and this claim is non-cognizable.

Petitioner argues in Ground 1(B) that he was not arraigned on Counts Two through Six of the Indictment in violation of Ohio Criminal Rule 10(A), violating his right to due process, equal protection and against cruel and unusual punishment. Respondent contends this claim is procedurally defaulted, or, in the alternative, is without merit. The Court agrees with the Magistrate Judge that although this ground may be procedurally defaulted, it fails on the merits.

The Magistrate Judge thoroughly reviewed the record and found that Petitioner was arraigned. The Magistrate Judge also points out that Petitioner fails to show that he did not have adequate notice of the charges against him or that he was denied an opportunity to defend himself. The Court agrees that even if Petitioner could show he was not properly arraigned under state law, he has not shown he was denied his

constitutional right to due process of law so as to warrant habeas relief.  Ground 1(B) is denied.

Petitioner argues in Ground 1(C) that he was denied his speedy trial right because he was not brought to trial within ninety days.  Respondent contends this claim is defaulted because Petitioner did not fairly present a constitutional speedy trial claim to the Ohio courts.  The Magistrate Judge determined that Petitioner argued his speedy trial claim in state court based on Ohio law.  The Court agrees with the Magistrate Judge that although Petitioner stated that his constitutional and statutory speedy trial rights were violated and that he was denied equal protection of laws on appeal, merely using talismanic constitutional phrases is not sufficient to raise a federal constitutional issue. *See Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006).

The Magistrate Judge further concluded that Petitioner's speedy trial claim is without merit.  The Court of Appeals found that Petitioner's speedy trial time period was extended due to motions filed by Petitioner, actions of Petitioner and reasonable continuances.  Petitioner's Motion to Dismiss was properly denied.  The Sixth Amendment to the United States Constitution, made applicable to the States through the Fourteenth Amendment, guarantees a defendant a "speedy and public trial." U.S. Const. Amend. VI;  *Barker v. Wingo*, 407 U.S. 514, 530 (1972).  The Supreme Court in *Barker* refused to establish a set number of days constituting a violation of the speedy trial right, stating that "such a result would require the Court to engage in legislative or rulemaking activity, rather than in the adjudicative process to which it should confine its efforts." *Barker*, 407 U.S. at 523.

Petitioner filed several motions himself and counsel filed several on his behalf, all

7

contributing to the delay of the case.  Therefore, even if Petitioner had not procedurally defaulted this claim, it fails on the merits.  Ground 1(C) is denied.

Petitioner argues in Ground 1(D) that the trial court erred when it allowed him to be prosecuted for charges that were dismissed at a preliminary hearing.  Respondent contends this claim is procedurally defaulted because it was not fairly presented to the Ohio courts, or, in the alternative, is without merit.

The Court agrees that this claim is without merit.  When the Court of Appeals addressed this claim it found that there was no error because a dismissal without prejudice does not bar the state from initiating further criminal proceedings against a defendant.  *State v. Annable*, 194 Ohio App.3d 336, 2011– Ohio–2029, 956 N.E.2d 341, ¶ 22 (8th Dist.); City of Tipp City v. Brooks, 2d Dist. No.2004 CA 7, 2005–Ohio–3174, ¶ 8.  In Petitioner's Amended Petition, he asserts that his rights to due process, equal protection, speedy trial and against double jeopardy were violated.  The Magistrate Judge determined that any argument regarding double jeopardy or speedy trial is procedurally defaulted because it was not presented initially to the Court of Appeals.  Petitioner made no mention of double jeopardy or speedy trial when raising his claim about the preliminary hearing in the Court of Appeals.

Additionally, Petitioner fails to show how his due process and equal protection rights are at issue here.  Petitioner continues to argue this claim under Ohio law and the Court finds it is non-cognizable in habeas review.  *See Estelle*, 502 U.S. at 57-58.  Therefore, Ground 1(D) is dismissed as procedurally defaulted.

Petitioner argues in Ground 3(A) that his trial counsel was ineffective.  Respondent contends this ground is partially defaulted and wholly without merit.

To establish ineffective assistance of trial counsel, Petitioner must show: 1) his counsel's performance "fell below an objective standard of reasonableness" and 2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–688 (1984). In assessing *Strickland's* "objective standard of reasonableness prong, a court considers whether the attorney demonstrated reasonableness under prevailing professional norms." *Id.* at 688. "There are countless ways to provide effective assistance in any given case." *Id.* at 689. A court "will indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *O'Hara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994) (quoting *Strickland*, 466 U.S. at 689) (internal quotation marks omitted).

Petitioner claims counsel was ineffective for allowing Petitioner to stand trial on charges that were dismissed by the municipal court and for not asserting self-defense as Petitioner requested. Petitioner raised the legal and factual basis for these claims on direct appeal and thus they are not defaulted.

As the Court of Appeals noted, there was no error by counsel. The Court agrees. Petitioner was tried on a charge that was dismissed without prejudice and cannot show prejudice from counsel's failure to raise that claim. An attorney is not required to present meritless claims. *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013) (holding that "[i]f the underlying arguments are meritless . . . it could scarcely be ineffective assistance of counsel not to raise them . . . . [and o]mitting meritless arguments is neither professionally unreasonable nor prejudicial.") (citation omitted).

The Magistrate Judge determined that Petitioner's claim that counsel was ineffective for not raising a self-defense claim is also without merit. To assert a non-

9

deadly force affirmative defense under Ohio law, a defendant must prove:

> by a preponderance of the evidence that (1) he was not at fault in creating the situation, (2) he reasonably believed that some force was necessary to defend himself against the imminent use of unlawful force, and (3) the force used was not likely to cause death or great bodily harm. *Columbus v. Dawson* (1986), 33 Ohio App.3d 141, 142, 514 N.E.2d 908.

*Cleveland v. Welms*, 169 Ohio App. 3d 600, 605 (Ohio Ct. App. 2006). The Court of Appeals thoroughly reviewed the facts and found that Petitioner could not satisfy any one of these elements. As the Magistrate Judge points out, Petitioner was arrested after a domestic disturbance on suspicion of domestic violence. Petitioner was not defending himself against unlawful force because the police officers had reason to take him into custody, Petitioner smeared his feces in a police car and threw it at the officers. The Court agrees and finds that Petitioner fails to show that counsel's performance fell below an objective standard of reasonableness. Ground 3(A) is without merit and denied.

Petitioner argues in Ground 4(D) that he asserted his right to represent himself, citing *Faretta v. California*, 422 U.S. 806, 807 (1975). Respondent contends that Petitioner's Motion to Remove Counsel did not clearly state that he wanted to represent himself. The Court of Appeals addressed this claim, correctly identified the law and concluded Petitioner's right to self-representation was not violated.

The Magistrate Judge points out "[a]s the *Faretta* opinion recognized, the right to self-representation is not absolute." *Martinez v. Ct. of Appeal of Cal.*, 528 U.S. 152, 161 (2000). A defendant may forfeit his self-representation right if he does not assert it "in a timely manner." *Id.* at 162. Such a limit reflects that "[e]ven at the trial level . . . the government's interest in ensuring the integrity and efficiency of the trial at times

outweighs the defendant's interest in acting as his own lawyer." *Id.*

The Magistrate Judge thoroughly reviewed the transcripts of the proceedings and concluded that Petitioner appeared to be frustrated with counsel and wanted to take control of the proceedings, but at other times would be co-operative. Although Petitioner asserts in his Objection that he never cooperated with counsel, the record shows otherwise. Petitioner had several exchanges with the trial judge in which he went back and forth between stating that he wanted to represent himself and then allowing his counsel to continue to represent him. At one point during the trial, Petitioner took the stand and began to speak, but then proceeded to let counsel question him.

A defendant's decision to represent himself—and thereby waive counsel—must be knowingly and voluntarily made. *Faretta*, 422 U.S. at 835. Because the dangers and disadvantages of self-representation during trial are so substantial, an accused will not be deemed to have validly waived his Sixth Amendment right to counsel unless the court has made "searching or formal inquiry" to ensure that his waiver is knowing, intelligent, and voluntary." *Patterson v. Illinois*, 487 U.S. 285, 292 & n.4 (1988).

The Court agrees with the Magistrate Judge that these exchanges do not show Petitioner clearly and unequivocally asserted his right to self-representation. Petitioner clearly went back and forth between complaining about counsel's decisions and assisting counsel in his defense. The right to self-representation may be waived if the defendant engages in conduct indicating that he has either abandoned his request to represent himself or is ambivalent with respect to self-representation. *Wilson v. Walker*, 204 F.3d 33, 37 (2d Cir. 2000) ("Once asserted . . . the right to self-representation may be waived through conduct indicating that one is vacillating on the issue or has

11

abandoned one's request altogether.").

The Court of Appeals correctly identified the law (citing a state case applying *Faretta* and analyzing what constitutes "clear and unequivocal") and concluded that Petitioner's self-representation right was not violated and was not contrary to, or an unreasonable application of, federal constitutional law. As the Supreme Court stated in *Harrington v. Richter*, "[s]ection 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems.'" 562 U.S. at 103 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)). The Court agrees that there is no malfunction here. Therefore, Ground 4(D) is denied.

For the foregoing reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation and denies Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

       IT IS SO ORDERED.

Date:2/16/2017

       s/Christopher A. Boyko
       CHRISTOPHER A. BOYKO
       United States District Judge